**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FELICIA ORTEGA, | |
| Plaintiff, | 2:15-cv-00794-MMD-VCF |
| vs. | **ORDER** |
| HARMONY HOMES, INC., | |
| Defendant. | |

Before the court is Defendant's Motion to Stay Discovery (#18). No opposition has been filed. Defendants have filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment (#6).

## I. LEGAL STANDARD

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

1   Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561,
2   562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause'
3   by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1).

4   Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery
5   carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First
6   Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (citing *Blankenship v. Hearst Corp.* 519 F.2d 418, 429
7   (9th Cir. 1975)). The Ninth Circuit has held that under certain circumstances, a district court abuses its
8   discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. *See
9   Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court
10  would have abused its discretion in staying discovery if the discovery was relevant to whether or not the
11  court had subject matter jurisdiction).

12  Two published decisions in this district have held that a stay of discovery is not warranted simply
13  because a dispositive motion is pending. *Twin City Fire Ins. v. Emp'r of Wausau*, 124 F.R.D. 652, 653 (D.
14  Nev. 1989); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Both
15  opinions concluded that to establish good cause for a stay, the moving party must show more than that an
16  apparently meritorious Rule 12(b)(6) motion to dismiss is pending in the litigation. *Id*. Instead, citing
17  *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982), *Twin City* and
18  *Turner* both ruled a district court "may . . . stay discovery when it is convinced that the Plaintiff will be
19  unable to state a claim for relief." *Twin City*, 124 F.R.D. at 653; *Turner*, 175 F.R.D. at 555. Typical
20  situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be
21  where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay,
22  Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

The Northern and Eastern District courts of California have applied an analogous but somewhat different two-part test for evaluating whether and under what conditions discovery should be stayed. In *Mlejnecky v. Olympus Imaging America, Inc*., No. 10-cv-2630 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011), the court held that an underlying motion to dismiss must be potentially dispositive of the entire case, or at least dispositive on the issue on which discovery stay is sought. *Id*. Second, the court must determine whether the pending motion can be decided without additional discovery. *Id*. In applying this two-part test, the court evaluating the motion to stay must take a so-called "preliminary peek" at the merits of the underlying pending dispositive motion to assess whether a stay of discovery is warranted. If the party moving to stay satisfies both prongs of the *Mlejnecky* test, discovery may be stayed.

Similarly, a decision from the Central District of California has held that discovery should be stayed while a dispositive motion is pending "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Skellerup Indus. Ltd*. 163 F.R.D. at 601 (citing *Hachette Distribution, Inc. v. Hudson County News Co*., 136 F.R.D. 356, 358 (E.D.N.Y.1991)).

The issue of whether a motion to stay should be granted pending the resolution of a motion to dismiss was recently decided by the Honorable Peggy A. Leen, Magistrate Judge, in the case of *TradeBay*, 278 F.R.D. at 603, and the Honorable William G. Cobb, U.S. Magistrate Judge, in the case of *Money v. Banner Health*, No. 11-cv-800, 2012 WL 1190858, at *5 (D. Nev. April 9, 2012). Both Judge Leen and Judge Cobb were confronted with a similar request by the Defendant's motion to stay discovery pending the resolution of a motion to dismiss. *Id*. Both Judge Leen and Judge Cobb adopted the standard enunciated in *Twin City*, *Turner*, and *Olympus Imaging*, and concluded that a stay of discovery should be ordered only if, after taking a "preliminary peek" at the merits of the pending dispositive motion, the court is "convinced" that the Plaintiff will be unable to state a claim for relief. *Id*.

## II. DISCUSSION

As an initial matter, when considering a motion to stay discovery requires the court to take a "preliminary peek" at the merits of the pending motion to dismiss. *Id*. In this case, the court is persuaded to limit discovery based on the issues raised in Defendant's Motion to Dismiss (#6). Second, the purpose of Defendant's motion to stay discovery is to prevent the parties from incurring undue costs. (#18). Before examining Defendant's motion to dismiss, the court considers Federal Rule of Civil Procedure 1. The guiding premise of the Federal Rules of Civil Procedure provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. As discussed above, the Supreme Court's decision in *Brown Shoe* and Rule 26 effectuate Rule 1's directive by instructing courts to resolve civil matters fairly but without undue cost and, in so doing, to balance the expense of discovery against its likely benefit. *Brown Shoe Co.*, 370 U.S. at 306 ("[The] inexpensive determination of every action [is one of] the touchstones of federal procedure"); FED. R. CIV. P. 26(B)(2)(iii).

Here, Defendant's Motion to Dismiss raises the issue that Plaintiff is precluded from bringing her discrimination claims against Defendant because Defendant does not meet the numerosity requirement to be covered by Title VII at relevant times. (#6 at 2) This issue is potentially dispositive. Second, if Defendant's Motion to Dismiss is granted, and general discovery is not stayed, it is foreseeable that Defendant will bear substantial discovery costs.

The court, therefore, has undertaken a "preliminary peek" of Defendant's Motion to Dismiss (#6) Finds that there are sufficient grounds to order a stay of discovery, except for discovery directed to established the size of Defendant's workforce during the relevant period.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant's Motion to Stay Discovery (#18) is GRANTED in part and DENIED in part as stated above.

IT IS FURTHER ORDERED that discovery, for the limited purpose of establishing the size of Defendant's workforce during the relevant period, must be completed on or before October 19, 2015.

If the Motion to Dismiss (#6) is denied, the parties must file a proposed Discovery Plan and Scheduling Order on the earlier of twenty (20) days after Defendant files an answer or February 29, 2016.

After February 16, 2016, the parties may file a stipulation to further stay discovery and the filing of a new Discovery Plan and Scheduling Order, if the case is still pending and the Defendant has not filed an answer at the time of filing the new stipulation.

IT IS SO ORDERED.

DATED this 19th day of August, 2015.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE