UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FELICIA ORTEGA, also known as SISSY HERZOG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HARMONY HOMES, INC., a Nevada corporation; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-00794-MMD-VCF<br><br>ORDER |

**I.  SUMMARY**

This case involves claims for religious discrimination and retaliation. Before the Court is Defendant Harmony Homes, Inc.'s Motion to Dismiss or in the Alternative Motion for Summary Judgment ("Motion"). (Dkt. no. 6.) Plaintiff Felicia Ortega has opposed (dkt. no. 14) and Defendant has replied (dkt. no. 16). For the reasons discussed herein, Defendant's Motion is granted.

**II.  RELEVANT BACKGROUND**

The following facts are taken from Plaintiff's Complaint. Plaintiff was employed with Defendant for about four months from June to October 2008. (Dkt. no. 1 at 4.) Plaintiff is Jewish and objected to being required to work on Yom Kippur (October 9, 2008). (*Id.*) Plaintiff complained about being required to work and as a result, Defendant terminated her employment. (*Id.*)

The Complaint asserts claims for religious discrimination under Title VII and retaliation in violation of NRS § 613.330. (*Id.* at 5-7.) In response, Defendant moved to dismiss or in the alternative for summary judgment, contending that it did not employ the requisite 15 employees during the relevant time period to be covered under Title VII. (Dkt. no. 6.) Plaintiff filed an opposition and requested continuance under Rule 56(d) to conduct discovery. (Dkt. no. 14.) Defendant subsequently moved to stay discovery. (Dkt. no. 18.) The Court granted Defendant's request in part and permitted discovery for a period of two months on the issue of the size of Defendant's workforce. (Dkt. no. 26.) Plaintiff did not conduct the permitted discovery.[1] (Dkt. no. 28-1 at 3.)

## III.   DISCUSSION

Because the Court will consider evidence outside the pleadings, Defendant's Motion will be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Parrino v. FHP, Inc.* 146 F.3d 699, 706 n. 4 (9th Cir. 1998). As an initial matter, the Court notes that Plaintiff has had a reasonable opportunity to present evidence to oppose the Motion. While the Court did not explicitly rule on Plaintiff's request in her response to conduct discovery under Rule 56(d), the Court did effectively grant her the opportunity to conduct discovery.[2] In particular, the Court recognized the "potentially dispositive" issue raised in the Motion and permitted discovery "for the limited purpose of establishing the size of Defendants workforce during the relevant period." (Dkt. no. 26 at 4-5.) Plaintiff was given two months to conduct discovery, but elected not to undertake discovery.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the

---

[1] In its supplement, Defendant represents that Plaintiff did not conduct the permitted discovery. (Dkt. no. 28-1 at 3.) Plaintiff does not dispute that she did not conduct discovery into the issue of Defendant's workforce. (Dkt. no. 30.)

[2] For this reason, Plaintiff's request for continuance under Rule 56(d) is denied as moot.

pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).  The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Under Title VII, the term "employer" "means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. §

2000e(b). Defendant offers undisputed evidence to show that Defendant did not employ at least 15 employees during the relevant time period. (Dkt. no. 6 at 4-6; dkt. nos. 6-1, 6-2, 6-3, 6-4.) In response, Plaintiff disputes Defendant's claim that it was a "start up" and states, based "upon information and belief", that Defendant has "interrelated operations with Rhodes Homes." (Dkt. no. 14 at 3-4; dkt. no. 14-3.) However, even after being granted the opportunity to conduct discovery, Plaintiff relies on the same assertion to oppose summary judgment.[3] (Dkt. no. 30 at 3.) Plaintiff has not offered specific facts showing a genuine issue of material fact that Defendant employed the requisite number of employees during the relevant time period.  The Court will therefore grant summary judgment.

## IV.  CONCLUSION

The Court notes that the parties made several arguments not discussed above. The Court has reviewed these arguments and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (dkt. no. 6) is granted. Summary judgment is granted with respect to Plaintiff's first claim for violation of Title VII. The Court declines to exercise supplemental jurisdiction over Plaintiff's second claim for violation of NRS § 613.330.

The Clerk is instructed to enter judgment in accordance with this Order and close this case.

DATED THIS 4th day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] In her response to Defendant's supplement, Plaintiff "admits that she worked for Harmony Homes." (Dkt. no. 30 at 3.) In her earlier declaration, Plaintiff states that she "was employed at a company called 'Rhodes Homes.'" (Dkt. no. 14-3 at 1.)

4